SCARBOROUGH *versus* COMMISSIONERS OF CUMBERLAND COUNTY.

County Commissioners have not jurisdiction in *all* cases of refusal by towns to approve and allow of ways laid out by their selectmen.

In such cases, their jurisdiction is conferred and defined by statute.

Their records must show jurisdiction, or their proceedings may be avoided without legal process for that purpose.

The Commissioners obtain jurisdiction only when the petition on record presents a case within the provisions of statute.

Scarborough *v.* County Commissioners.

THIS was a petition of the inhabitants of the town of Scarborough for a writ of *certiorari*, ordering the Court of County Commissioners for the county of Cumberland, to certify their records for the inspection of this Court, to the end that so much thereof as is illegal and erroneous may be quashed. The petition alleged several errors.

*E. L. Cummings*, for petitioners, contended : —

1. County Commissioners can only have jurisdiction in a particular case, by the existence of those preliminary facts which confer it upon them. A general jurisdiction merely, by law, over the subject matter, is not enough, and their records must disclose the facts upon which their jurisdiction is founded. *Small* v. *Pennell*, 31 Maine, 270 ; *Pettengill* v. *County Com. Ken.*, 21 Maine, 382 ; *Ex parte Pownal*, 8 Maine, 271 ; *State* v. *Pownal*, 10 Maine, 24 ; *Commonwealth* v. *Coombs*, 2 Mass. 489 ; *Commonwealth* v. *Great Barrington*, 6 Mass. 492.

2. When County Commissioners have rendered a judgment in a matter over which they have no jurisdiction, this Court cannot refuse to grant a writ of *certiorari*. *Bangor* v. *County Commissioners*, 30 Maine, 270.

The counsel, in support of his positions, also referred to the following authorities:—R. S., c. 25, §§ 29, 34; *North Berwick* v. *County Com. York*, 25 Maine, 69.

*Fessenden* and *Butler*, for respondents.

SHEPLEY, C. J.—By the record of their proceedings, it appears that the Commissioners proceeded to view and adjudicate upon a town way laid out by the selectmen of the town, which the town had refused to approve and allow.

In such cases, their records must show that they had jurisdiction, or their proceedings may be avoided without any legal process for that purpose. *Small* v. *Pennell*, 31 Maine, 267.

They have not jurisdiction in all cases of refusal by towns to approve and allow of ways laid out by their selectmen. Their jurisdiction in such cases is conferred and defined by the provisions of the statute, c. 25, § 34. They can act only

Scarborough *v.* County Commissioners.

upon a petition of some person aggrieved by such refusal or delay, "if such way lead from land under his possession and improvement to any highway or town way." It does not appear in this case, that the way which the town refused to approve did lead from land under the possession and improvement of any of the petitioners. It does appear to have been laid out over the land of some of them. It might be presumed from their being owners, and having damages awarded to them as such, that they were in possession. But that would not be sufficient. The way must not only lead from land under his possession, but it must be under his improvement. A person may be the owner and be in possession of land not under improvement. The intention appears to have been, to permit persons having land under their possession and improvement, when the town refused to approve of a way laid out and leading from such land to a highway or town way, to apply to the Commissioners for redress. But others, not thus situated, are not authorized to do so.. The Commissioners obtain jurisdiction only when the petition or record presents a case within the provisions of the statute.

All the facts presented by the record may be true, and the Commissioners would have no jurisdiction.

It will not be necessary to notice the other alleged errors.

*Writ granted.*

TENNEY, and APPLETON, J. J., concurred.